SCREVEN OIL MILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46263.   Promulgated August 18, 1932.

*James L. Fort, Esq.,* for the petitioner.
*O. J. Tall, Esq.,* for the respondent.

OPINION.

MARQUETTE: Petitioner contends that it was on a cash receipts and disbursements basis prior to June 30, 1922, and therefore was unable to set up a reserve for bad debts until after that date. It argues that its first opportunity to elect between two methods of accounting occurred in 1923, and hence it is entitled to its deductions for additions to the reserve.

Section 23 (j) of the Revenue Act of 1928 provides that there shall be allowed as a deduction from gross income: "Debts ascertained to be worthless and charged off during the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) * * *."

Regulations 74, promulgated by the respondent under the provisions of the Revenue Act of 1928, in article 191 provides in part:

* * * Taxpayers were given an option for 1921 to select either of the methods mentioned for treating such debts. The method used in the return for 1921 must be used in returns for subsequent years and in returns under the Revenue Act of 1928 unless permission is granted by the Commissioner to change to the other method. A taxpayer filing a first return of income may select either of the two methods subject to approval of the Commissioner upon examination of the return.

Manifestly, petitioner's return for the fiscal year was not a "first return of income" entitling petitioner to a choice of methods, for it had filed several returns for previous years.

The statute vests in the Commissioner discretionary power over the use of the reserve method of treating bad debts. In the exercise of that discretion he has promulgated the regulations above quoted. In so far as they affect the present proceeding those regulations are identical in wording with the Commissioner's regulations concerning the bad debts provision of the Revenue Act of 1921. Since the passage of that act and the promulgation of regulations for its administration, the Congress has enacted three further revenue statutes, in each of which the Commissioner has been given discretionary power respecting the reserve for bad debts.

Reading the statute and the administrative regulations together, it is evident from the facts before us that the petitioner has not taken the necessary and proper steps to place itself upon the reserve basis for bad debts. It followed the method of charging off debts ascertained to be worthless in its income-tax return for the fiscal year 1921 and was therefore required to continue that method until it received permission to change. The petitioner's argument that, as it was selling its products for cash prior to 1923 it had no opportunity to exercise any choice of methods prior to that year, is not convincing. The statute informed every taxpayer that use of the reserve method for bad debts was discretionary with the Commissioner. We think that warning sufficiently advised petitioner of the necessity of ascertaining what the Commissioner's discretion might require and complying therewith. Having failed to do so, petitioner is restricted to the method it first used. *Kay Mfg. Co.*, 18 B. T. A. 753; affd., 53 Fed. (2d) 1083; *Gustave Rader Co.*, 19 B. T. A. 12; *Stamford Paper Co.*, 20 B. T. A. 319.

*Decision will be entered for the respondent.*